**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>*ex rel.* **David Grant** | 2:15-cv-00794-DCN |
| **Plaintiff,** | **COMPLAINT** |
| **vs.** | **FILED UNDER SEAL PURSUANT TO** |
| **United Airlines, Inc.** | **31 U.S.C. § 3730(b)(2)** |
| | **DO NOT PLACE IN PRESS BOX** |
| **Defendant.** | **DO NOT ENTER ON PACER** |

**COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE
FALSE CLAIMS ACT**

Plaintiff-Relator David Grant, on behalf of the United States, alleges as follows:

## I.    PLAINTIFFS

1. Plaintiff-Relator David Grant is a citizen of the United States of America, residing in Charleston County, South Carolina. At all times material to this Complaint, Grant was an employee of Defendant, and was employed with Defendant from January 1986-March 2014.

2. As a result of his employment with United Airlines, Plaintiff-Relator has personal and direct knowledge of Defendant's fraudulent practices, which violate federal law.

3. Plaintiff-Relator brings this action based on his direct, independent, and personal knowledge as gained from observations, conversations, meetings, email communications, company documents, and experiences.

4. Plaintiff-Relator is aware of Defendant providing the government with false and fraudulent information in order to receive payment under a government contract.

1

5. Plaintiff-Relator has consistently questioned Defendant's conduct, but has been ignored.

6. Plaintiff-Relator is the "original source" of the facts alleged in this Complaint, as that term is used in the False Claims Act context.

7. Plaintiff Relator brings this action on behalf of the United States of America pursuant to 31 U.S.C. § 3730(b)(1), 42 U.S.C. § 1320a-7b *et seq.*, and 18 U.S.C. § 1347 *et seq.*

## II.    DEFENDANT

8. Defendant United Airlines, Inc. is a Delaware corporation licensed to do business in South Carolina, with offices in Charleston, South Carolina.

## III.    JURISDICTION AND VENUE

9. Plaintiff-Relator, through counsel, will voluntarily provide a copy of this Complaint and supporting documentation to the United States.

10. Plaintiff-Relator brings this action against the above-named Defendant as a result of Defendant's violations of the False Claims Act by knowingly and repeatedly submitting false statements and false claims to the United States to obtain monetary payments from the federal government that would not have been paid had the government known the truth of the false statements and false claims. Plaintiff-Relator brings these claims pursuant to the *qui tam* provision of the False Claim Act, 31 U.S.C. §§ 3729 *et seq.*, to recover treble damages, civil penalties, and all other relief available under the Act.

11. As a result of Defendant's knowing and recurring false and/or fraudulent statements, claims, enrollments, actions, inducements, and submissions, Defendant wrongfully obtained money from the United States that it was not entitled to receive.

12. This action arises under 31 U.S.C. §§ 3729 *et seq.*, 42 U.S.C. § 1320a-7b *et seq.*, and 18 U.S.C. § 1347 *et seq.*

13. This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. § 1372(a), because Defendant transacts business throughout South Carolina and under 31 U.S.C. § 1331 because the Complaint raises questions of federal law.

14. Additionally, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1345, 1355, and 1367(a).

15. This Court has personal jurisdiction over Defendant pursuant to 31 U.S.C. § 3732(a) because Defendant resides and/or transacts business in the State of South Carolina and because Defendant violated 31 U.S.C. §§ 3729 *et seq.* in the state of South Carolina.

16. Venue is proper in this District pursuant to 31 U.S.C. §§ 3729 *et seq* and 28 U.S.C. § 1391(b) and (c) because the conduct outlined in this Complaint occurred within this District and at all times material and relevant, Defendant transacted business in this District and Division.

## IV.    DEFENDANT'S WRONGFUL ACTS, FRAUDULENT SCHEMES, AND PROHIBILITED INDUCEMENTS

17. The Boeing Company designed and built aircrafts known as Boeing C-17 Globemaster III, which are currently in the service of the United States Air Force.

18. The United States and the United States Air Force contracted with, among others, Boeing; Pratt & Whitney; and Defendant for the maintenance of the engines for the C-17 (the technical name of the engine is the PW 2000) aircraft located in Charleston, South Carolina and United States Air Force bases around the world.

19. Under the Contract, Defendant agreed to provide mechanics to work on the engines pursuant to the Contract.

20. Under the Contract, Defendant was required to properly maintain the engines and perform work to specifications outlined by the Contract and various maintenance manuals (from the manufacturer and Defendant); and to maintain supporting documentation.

21. Under the Contract, Defendant was required to keep and submit legitimate and accurate records showing that the work on the engines was performed to the agreed upon and required specifications.

22. The specifications were implemented and mandated for the purposes of ensuring the safe use of the engines and components.

23. During his employment with Defendant, Plaintiff-Relator served as an Aviation Maintenance Technician for the Charleston Air Force Base and was promoted to a Lead Aviation Maintenance Technician in 2012.

24. Plaintiff-Relator generally is familiar with Defendant's obligations under the Contract and has first-hand knowledge of Defendant's failure to adhere to its contractual obligations.

25. Plaintiff-Relator has discovered numerous instances Defendant being paid by the United States of America based on fraudulent proof of work carried out to the required specifications.

26. Plaintiff-Relator reported the fraudulent and improper practices he observed to his superiors, but they never responded to his concerns.

27. Plaintiff-Relator is aware of the Defendant's following practices that are occurring on an ongoing, regular, systematic, and wide-spread basis:

    a. Welding brackets and braces, obtained from trash materials that should have been destroyed, on cracked hangers, contrary to Pratt & Whitney technical bulletins and prevalent safety standards and billing the United States for new parts;

b. Failing to properly certify the tools used to repair the C-17 engines; specifically certifying that the tools are being calibrated according to manual specifications when they are not.

c. Failing to properly calibrate torque wrenches, thereby rendering the tools useless for their intended purposes;

d. Failing to properly calibrate swedgers, thereby rendering the swedgers useless for their intended purposes and manufacturing faulty and unserviceable hydraulic connections;

e. Failing to properly calibrate quarter-inch air ratchets, which are used to assemble the C-17's engines and engine components. Using un-calibrated air ratchets, which do not meet the torque specifications outlined in the C-17's engine's maintenance manuals, exposes the C-17's engine and components to malfunction during flight operations;

f. Failing to perform required maintenance and safety checks on components, tools, and equipment essential to the proper maintenance of the C-17's engines;

g. Falsifying inspection records required by the maintenance program for the C-17's engine.

h. Falsifying non-destructive testing inspection records of the C-17's engine;

i. Falsifying of the certification of serviceable parts into the spare engine parts pool and billing United States for same, when part was actually unserviceable;

j. Failing to train and certify inspectors to meet industry standard inspection criteria to certify the C-17's engines as  airworthy;

k. Failing to train mechanics on how to certify the C-17's engines as airworthy;

5

l.  Failing to perform liquid fluorescent penetrant inspections (FPI) according to established maintenance procedures to find cracks in critical engine components;

m.  Fraudulently certifying components that required fluorescent penetrant inspections;

n.  Failing to use the proper tools and/or properly calibrated tools to repair engines and components that required fluorescent penetrant inspections;

o.  Failing to provide mechanics with the necessary equipment and tools to maintain properly the C-17's engine;

p.  Refusing to purchase or provide proper equipment and tools for the use of rivets, resulting in the improper repair to nose cowls, which are then more likely to sustain further damage during flight operations;

q.  Failing to properly test engines on which repairs had been done;

r.  Failing to tear down and build up the C-17's engines according to job instruction cards;

s.  Fraudulently representing to the government that all repairs were done correctly according to job inspection cards and other governing maintenance documents;  and

t.  Actively retaliating against aviation maintenance technicians and employees who opposed the Defendant's unlawful actions.

28. Defendant knew or should have known that the actions outlined in Paragraph 27, would or could result in the submission of false claims to the United States of America for monetary gain, damage to property of the United States of America, and possible injury or deaths to United States Citizens and Air Force personnel, who relied on the Defendant to provide competent maintenance for the engines of the C-17 aircraft located at the Charleston Air Force Base in Charleston, SC.

29. Defendant knowingly, intentionally, and fraudulently submitted false and inaccurate records, or with reckless indifference allowed false reports to be submitted, indicating that work had been performed to required specifications, when it had not, in order to receive monetary compensation under the contract with the United States of America.

### V.  CAUSES OF ACTION

### FOR A FIRST CAUSE OF ACTION
**(Presentation of False Claims/False Claims Act, 31 U.S.C. § 3729(a)(1)(A))**

30. Plaintiff-Relator reiterates paragraphs 1-29 above as if set forth verbatim herein.

31. Defendant, by and/or through its agents, officers, and employees, knowingly presented or caused to be presented, false and fraudulent claims for payment or approval to the United States.

32. Defendant presented false and fraudulent claims with actual knowledge that the claims were false or with reckless disregard or deliberate ignorance of whether or not they were false.

33.  The United States relied on these false and fraudulent claims, was ignorant regarding the truth of these claims, and had it known the truth, would not have paid Defendant.

34. As a direct and proximate result of the false and fraudulent claims and statements submitted by Defendant, the United States has suffered damages and is entitled to treble damages, civil penalties, and all other relief available under the False Claims Act, 31 U.S.C. §§3728 *et seq.*

### FOR A SECOND CAUSE OF ACTION
**(Presentation of False Claims/False Claims Act, 31 U.S.C. § 3729(a)(1)(B))**

35. Plaintiff-Relator reiterates paragraphs 1-34 above as if set forth verbatim herein.

36. Defendant, by and/or through its agents, officers, and employees, knowingly made, used, or caused to be made or used, and continue to make, use, and cause to be made or used false

records or false statements in order to have false or fraudulent claims paid or approved by the United State Government.

37. Defendant's knowingly false records or statements were/are material to the false and fraudulent claims for payments or reimbursements they made and continue to make to the United States.

38. Defendant's false records and/or false statements were made, used, or caused to be made or caused, and continue to made, used and caused to be made and used, with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

39. The United States relied on these false records and/or false statements, was ignorant regarding the truth of the records and statements, and had it known the truth would not have paid the Defendant.

40. As a direct and proximate result of the materially false records and statements, and the related false or fraudulent claims made by the Defendant, the United States has suffered damages, and is entitled to treble damages, civil penalties, and all other relief available under the False Claims Act, 31 U.S.C. §§3728 *et seq*.

### FOR A THIRD CAUSE OF ACTION
**(Fraud, Suppression, and Deceit)**

41. Plaintiff-Relator reiterates paragraphs 1-40 above as if set forth verbatim herein.

42. As described in detail, *supra* Defendant misrepresented or hid material facts that they had completed repairs on C-17 aircraft engines when they had not and billed the government for these repairs.

43. As described in detail, *supra*, Defendant misrepresented or hid material facts that its employees were certified to inspect C-17 aircraft engines, when they were not appropriately trained to do so;

44. As described in detail, *supra*, Defendant misrepresented or hid material facts that it had appropriately calibrated and certified tools used to repair and maintain C-17 engines when it had not done so.

45. Defendant willfully or recklessly made these misrepresentations to the United States.

46. Defendant was under an obligation to communicate to the United States that it had not completed certain repairs to the C-17 aircrafts, for which it billed the United States.

47. The United States acted on Defendant's material representations when it made payments on the bills provided by Defendant and/or Defendant's agents for services and repairs it did not perform.

48. As a direct and proximate result of the Defendant's conduct, the United States has suffered damages, and therefore, is entitled to all criminal and civil penalties, and all other relief available.

### FOR A FOURTH CAUSE OF ACTION
**(Retaliatory Discharge- 31 U.S.C. § 3730(h))**

49. Plaintiff-Relator reiterates paragraphs 1-48 above as if set forth verbatim herein.

50. Plaintiff-Relator repeatedly expressed concerns to his superiors that Defendant was not properly maintaining the C-17 aircraft engines, that he was unable to appropriately certify work had been done due to the lack of tools and/or appropriate calibration of tools; and that employees had not received proper training.

51. Plaintiff-Relator also asked an engineer working on the premises whether he had ever issued a safety variance saying certain inspections of the C-17 were not necessary after realizing

Defendant did not have the correct tools to perform the inspection. Specifically, Plaintiff-Relator was concerned that there was no liquid fluorescent penetrant on the premises.

52.  Upon information and belief, these conversations occurred early 2014.

53. Defendant informed Plaintiff-Relator they were going to terminate his employment on March 21, 2014.

54. Defendant terminated Plaintiff-Relator on May 6, 2014.

55. Upon information and belief, Defendant terminated Plaintiff-Relator's employment because he expressed concerns about Defendant's practices, which, as explained *supra*, violated the False Claims Act.

56. The day he was fired, Plaintiff-Relator observed liquid fluorescent penetrant being delivered to the Defendant's premises.

57. As a direct and proximate result of the Defendant's conduct, as outline above, Plaintiff-Relator is entitled to back pay; attorney's fees and costs; and reinstatement to a position of the same seniority status.


## VI.     PRAYER FOR RELIEF

Plaintiff-Relator respectfully requests this Court to enter judgment against the Defendant, as follows:

(a)     The United States be awarded treble the amount of damages sustained because of Defendant's fraudulent activity and submission of false claims;

(b)     Maximum civil penalties be imposed for each and every false claim presented or caused to be presented to the United States by Defendant.

10

(c)    Pre-judgment and post-judgment interest be awarded;

(d)    The Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act violations alleged herein;

(e)    Plaintiff-Relator be awarded the maximum amount allowed in the False Claims Act;

(f)    Reasonable attorneys' fees, costs and expenses, which the Plaintiff-Relator necessarily incurred in bringing and pursuing this action, be awarded.

(g)    Wrongful termination damages be awarded to Plaintiff-Relator    for his discriminatory and retaliatory discharge in the amount of two (2) times the amount of back pay and benefits that he would have earned, interest on the back pay, front pay and benefits lost, litigation costs, reasonable attorneys' fees, actual, special and punitive damages; and

(h)    The Court award such other and further relief as it may deem just and proper.


Respectfully submitted,

**MCGOWAN HOOD & FELDER, LLC**


s/ Ashley White Creech
_____
Chad A. McGowan, Fed. ID# 6620
Ashley White Creech,  Fed. ID # 10346
McGowan, Hood, & Felder, LLC
1539 Healthcare Drive
Rock Hill, South Carolina 29730
(803) 327-7800
(803) 328-5656  Facsimile
cmcgowan@mcgowanhood.com