**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
Charleston Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DAVID GRANT, <br><br> Plaintiff, <br><br> v. <br><br> UNITED AIRLINES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil No. 2:15-cv-00794 (DCN) |

**DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS
RELATOR'S COMPLAINT AND SUPPORTING MEMORANDUM**

Defendant United Airlines, Inc. ("United"), by counsel, respectfully submits this Motion to Dismiss the Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 9(b), 8(a)(2), and 12(b)(6) and Supporting Memorandum. In support of its Motion, Defendant states as follows:

The Relator's bare-bones complaint falls far short of the minimum requirements to state a cause of action under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA") and should be dismissed. Relator David Grant ("Relator") alleges that United violated the FCA by failing to perform to contract specifications and by providing the government with false and fraudulent information in order to receive payment under a government contract. However, Relator tethers *none* of his broad allegations of fraud to any actual claim that was submitted to the government—the *sine qua non* of an FCA violation. Indeed, Relator has not identified a single invoice, let alone the date or amount of such invoice, that would constitute an actual false claim. In addition, the complaint fails to set forth the who, what, when, where or how of the alleged

fraud, and so the FCA allegations fail to satisfy the requirements of Rule 9. Finally, Relator's § 3730(h) retaliatory discharge claim in Count IV should be dismissed pursuant to Rule 8(a)(2) because it fails to plausibly allege that the Relator engaged in protected activity.

On February 24, 2015, Relator filed his Complaint with the U.S. District Court for the District of South Carolina. Having reviewed the case while it was under seal, the United States (the real party in interest) declined to intervene to take over the prosecution of the action pursuant to 31 U.S.C. § 3730(b)(4)(B). The case was unsealed on February 8, 2016. (ECF No. 10). Although Relator may proceed without the government, his Complaint remains subject to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) (requiring well-pleaded facts and a plausible claim for relief) and Rule 9(b) (requiring that the elements of an FCA violation be plead with particularity). Relator's Complaint falls fatally short of these pleading requirements and United respectfully requests that the Court dismiss Relator's Complaint pursuant to Rule 12(b)(6).

Accordingly, for the reasons set forth above and discussed in more detail below, United respectfully requests that the Court dismiss Relator's Complaint in its entirety with prejudice.

### STATEMENT OF FACTS

During his employment at United, Relator served as an Aviation Maintenance Technician at the Charleston Air Force Base. Compl. ¶ 23. Relator alleges that United provides mechanics to maintain the engines on the Boeing C-17 Globemaster III aircraft, which are currently in the service of the United States Air Force. Compl. ¶¶ 17-19. The C-17 engine is built by Pratt & Whitney and is known as the F117, which is the military version of the PW2000. *See* Compl. ¶ 18.

As alleged in the Complaint, Relator "generally is familiar with Defendant's obligations under the Contract and has first-hand knowledge of Defendant's failure to adhere to its contractual obligations." Compl. ¶ 24. According to Relator, the contract—which is not identified or described with any particularity—required United to properly maintain the C-17 engines and perform work according to specifications as set forth in the contract and various maintenance manuals. Compl. ¶ 20. United was allegedly required to keep and submit records showing that the work on the engines was performed to the required specifications. Compl. ¶ 21. According to Relator, United submitted false reports indicating that work had been performed to required specifications in order to receive payment under the contract. Compl. ¶ 29. The Complaint further alleges that his employment was terminated after the Relator "expressed concerns to his superiors that Defendant was not properly maintaining the C-17 aircraft engines." Compl. ¶ 50.

Relator claims to bring this action based on his personal knowledge gained from his observations and experiences as well as "email communications" and "company documents." Compl. ¶ 3. Relator does not, however, cite any email communications or company documents in the Complaint to substantiate his broad allegations.

Relator's Complaint contains four counts: (1) presentment of a false claim under § 3729(a)(1)(A) (the "false-claim" provision); (2) making or using false records or statements material to payment under § 3729(a)(1)(B) (the "false-record" provision); (3) common law fraud, suppression, and deceit; and (4) retaliatory discharge pursuant to § 3730(h). Compl. ¶¶ 30-57.

**Legal Standards**

A. **Rule 12(b)(6): A Viable Complaint Must Contain Factual Allegations Supporting a Claim that is Plausible on Its Face.**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "state[s] a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal citations and quotations omitted). Pleadings that are factually or legally conclusory are not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (The Court attaches no such assumption to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement."). For a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013).

To state a claim under the FCA, a relator must allege: (1) a false statement or fraudulent course of conduct; (2) the requisite scienter on the defendant's part; (3) that any false statement was material to a false claim for payment; and (4) that the false claim or statement caused the government to pay out money or to forfeit moneys due. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999). All four elements apply to violations of § 3729(a)(1)(A) and 3729(a)(1)(B). *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 913 (4th Cir. 2003).

B. **Rule 9(b): Fraud Must Be Pled with Particularity.**

In addition to meeting the plausibility standard of Rule 8(a), fraud claims—including claims brought under the FCA—must be pleaded with particularity pursuant to Rule 9(b).

4

*United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (explaining that the Fourth Circuit adheres firmly to the strictures of Rule 9(b) in FCA cases).

The heightened pleading standard serves four purposes. Namely, Rule 9(b): (1) ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of; (2) protects defendants from frivolous suits; (3) eliminates fraud actions in which all the facts are learned after discovery; and (4) protects defendants from harm to their goodwill and reputation. *See Harrison*, 176 F.3d at 784. Failure to comply with Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6). *United States ex rel. Jones v. Collegiate Funding Servs., Inc.*, 469 F. App'x 244, 257 (4th Cir. 2012). In short, 9(b) ensures that only legitimate fraud actions, brought on existing knowledge of particular illegal acts, are permitted to go forward.

In light of 9(b)'s requirements, courts evaluate FCA claims carefully, requiring plaintiffs to set forth with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008). The specific facts required by Rule 9(b) "are often referred to as the who, what, when, where, and how of the alleged fraud." *Id*. (internal citations and quotations omitted).

**ARGUMENT**

**I.     Counts I and II Should Be Dismissed for Failure to Plead an Actual False Claim.**

At the heart of a FCA cause of action is the element of the false claim. In Count I, Relator alleges that United violated 31 U.S.C. § 3729(a)(1)(A) (the "false-claim" provision) by knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or

5

approval. Compl. ¶¶ 30-34. The FCA defines "claim" as "any request or demand, whether under a contract or otherwise, for money or property . . . that is presented to an officer, employee, or agent of the United States . . . ." 31 U.S.C § 3729(b)(2)(A). Because the presentment of an actual false claim is the *sine qua non* of an FCA action, relators bringing FCA causes of action must allege with particularity that specific claims were actually presented to the government for payment.

> [T]he particularity requirement of Rule 9(b) does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government. Rather, Rule 9(b) requires that some indicia of reliability must be provided in the complaint to support the allegation that an actual false claim was presented to the government.

*Nathan*, 707 F.3d at 456-57 (internal citations and quotations omitted). According to Relator, he discovered "numerous instances" of United being paid by the government based on fraudulent proof of work, (Compl. ¶ 25), yet allegations about the details of these instances are conspicuously absent from the Complaint, and no reliable indicia are presented that suggest that United presented a false claim to the government.

Failure to plead particularized facts about the submission of actual claims is grounds for dismissal. The Fourth Circuit has repeatedly affirmed dismissal where the relators "had no personal knowledge of any particular claims submitted," and failed to provide specifics such as "payments, dates, or other indicia from which a specific claim can be inferred to have been submitted." *Jones*, 469 F. App'x at 250. *See also United States ex rel. Brooks v. Lockheed Martin Corp.*, 423 F. Supp. 2d 522, 526 (D. Md. 2006) (dismissing case where relator failed to identify a single fraudulent claim that the defendants submitted to the government). Because

6

Relator has not pled facts regarding the presentment of fraudulent claims, he has failed to meet the pleading requirements of 9(b), and Count I of the Complaint should be dismissed.

In Count II, Relator alleges that United violated 31 U.S.C. § 3729(a)(1)(B) (the "false-record" provision) by knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim. Compl. ¶¶ 35-40. Count II should also be dismissed because as set forth above, there is no underlying false *claim*, which is a prerequisite for a violation of § 3729(a)(1)(B). *See United States ex rel. DeCesare v. Americare In Home Nursing*, 757 F. Supp. 2d 573, 585 (E.D. Va. 2010) (finding that a false-record cause of action must allege both (1) a false record or statement and (2) a false claim paid by the government). Moreover, Relator has not specifically alleged facts showing how the false record or statement was material to the government's decision to pay a false or fraudulent claim.

According to the Complaint, United was required to submit accurate records showing that the work on the engines was performed to the required specifications. Compl. ¶ 21. Relator alleges that United failed to meet its contractual obligations and submitted fraudulent proof of work. Compl. ¶¶ 24-25. This allegation fails to meet the requirements of Rule 9(b) because it fails to even mention of the time, place, and contents of United's alleged false statements or records, or how those statements or records led to the government's payment of money to United. *See Harrison*, 176 F.3d at 784; *United States ex rel. Carter v. Halliburton Co.*, No. 1:08cv1162 (JCC), 2009 WL 90134, at *5 (E.D. Va. Jan. 13, 2009).

Relator makes a number of conclusory statements concerning United's use of false records to obtain payments. For example, Relator accuses United of "[f]alsifying inspection records" and "[f]alsifying non-destructive testing inspection records." Compl. ¶ 27. Yet, Relator does not plead particularized facts explaining what information in the inspection records has

7

been falsified.  Nor does the Complaint include details describing how these allegedly false records led to the government's payment of money to United.  In fact, the Complaint contains no particularized allegations that anyone in the government actually viewed these inspection records, the date of any such viewing, or whether the records were material to the payment of a claim to United.  *See Universal Health Services, Inc. v. United States ex rel. Escobar*, No. 15-7, slip op. at 12 n.6 (U.S., June 16, 2016) ("False Claims Act plaintiffs must also plead their claims with plausibility and particularity under Federal Rules of Civil Procedure 8 and 9(b) by, for instance, pleading facts to support allegations of materiality.") (attached as Ex. 1).  Absent additional facts, these allegations of a claim lack the "time, place and contents" of the alleged fraud.  Therefore, Counts I and II of the Complaint are subject to dismissal under Rule 9(b).

## II.     Counts I and II Also Should Be Dismissed for Failure to Plead Knowledge.

Even if the Relator's FCA allegations were sufficient to meet the standards of Rule 9(b), which they are not, Counts I and II also fail to meet the requirements of Rule 8(a).  When considering a motion to dismiss, the court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  Here, Relator asserts no facts from which one could infer that United knowingly submitted false claims.  Although it is true that Rule 9(b) allows scienter to be averred generally, Relator's allegation that United "knowingly" presented, or caused to be presented, a false or fraudulent claim for payment must still meet the pleading standard of Rule 8(a)—*i.e.*, the complaint must contain well-pleaded facts not just legal conclusions and set forth a plausible claim for relief. *See Wilson*, 525 F.3d at 379. ("Although [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally[under 9(b)], an FCA plaintiff still must set forth specific facts that support an inference of fraud.") (internal quotations and citation omitted).

Rather than asserting plausible facts, Relator makes conclusory allegations that United acted knowingly. *See* Compl. ¶¶ 10, 11, 29. But "knowingly" is a legal conclusion, and legal conclusions do not suffice under Rule 8(a)(2). *See Iqbal*, 556 U.S. at 680-81, 686-87 (allegation that petitioner "knew of" misconduct failed Rule 8(a)(2)'s pleading standard even under "general" pleading standards); *see also Nathan*, 707 F.3d at 455 ("[A]lthough we must view the facts alleged in the light most favorable to the plaintiff, we will not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments.") (internal citations and quotations omitted). Even if it were true that some of the contractual requirements were not met—and Relator is wholly wrong in these allegations—Relator has alleged no basis to support the bald assertion that United knowingly violated the contract and submitted false claims. Instead, Relator's conclusory allegations are the sort of "formulaic recitation of the elements" and "naked assertion[s]" and that should be dispensed with on a 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

### III. Counts I-III Should Be Dismissed for Failure to Plead Fraud with Particularity.

The FCA allegations of fraud in Counts I and II of the Complaint must be pled with particularity pursuant to Rule 9(b). *Nathan*, 707 F.3d at 455. But the Complaint fails to set forth the "who, what, when, where, and how of the alleged fraud," and therefore fails to satisfy the requirements of Rule 9. *Wilson*, 525 F.3d at 379. In Count III, Relator alleges common law fraud, suppression, and deceit. Compl. ¶¶ 41-48. Although these are state law claims, the pleading standard of Rule 9(b) still applies. *See, e.g.*, *Klugh v. United States*, 620 F. Supp. 892, 899 (D.S.C. 1985), *aff'd in part*, *vacated in part*, 818 F.2d 294 (4th Cir. 1987); *Beattie v. Skyline Corp.*, 906 F. Supp. 2d 528, 534 (S.D. W. Va. 2012). The state law count arises from the same conduct alleged by Relator for its FCA claims, and both the state law and FCA claims fail to

9

meet the heightened pleading requirements of Rule 9(b) that the allegations include the who, what, and when of the fraud.

### A.     Relator Fails to Identify *What* Was False

Rule 9(b) mandates that a plaintiff state the "what" of the alleged false claims with particularity. *Wilson*, 525 F.3d at 379. Here, the gist of Relator's complaint is that United was required to properly maintain C-17 engines but that United failed to perform work to specifications as set forth in the contract and various maintenance manuals. Compl. ¶¶ 20, 24. Relator makes the sweeping conclusion that United failed to meet contract requirements without citing *any* specifics from the contract. For example, he alleges that United failed to "train and certify inspectors to meet industry standard inspection criteria" and he avers that United failed to "use the proper tools and/or properly calibrated tools to repair engines and components." Compl. ¶ 27. He further alleges that United welded brackets and braces in a manner "contrary to Pratt & Whitney technical bulletins." *Id*. Even if the Court were to take these allegations at face value, Relator still fails to allege with particularity *what* in the contract United violated. Does the contract specify what inspection criteria need to be used? Does the contract mandate the use of certain tools? Does the contract require compliance with the Pratt & Whitney technical bulletins? Without a clear violation of a contractual requirement, it is unclear how any claims for payment to the government could possibly be false.

It is not surprising that Relator's Complaint lacks detail about what was violated because he concedes that he is only "generally" familiar with United's obligations under the contract. Compl. ¶ 24. Rule 9(b), however, requires specificity, not generality, when pleading fraud. Without particularized facts about what contract terms were violated, United is unable to defend

itself against these broad, vague, and conclusory allegations. The Complaint should be dismissed for failure to meet the requirements of Rule 9(b) as to *what* was false.

### B.     Relator Fails to Identify *Who* At United Engaged in the Allegedly Fraudulent Conduct

According to Relator, United acted through its agents, officers, and employees to present false and fraudulent claims for payment. Compl. ¶ 31. Paragraph 27 contains a laundry list of the allegedly improper practices that Relator observed, but all of these examples omit the critical detail of *who* was performing these allegedly fraudulent acts.

The Complaint makes generalized allegations that United intentionally mischarged the government, but contains no information about "the identity of the person making the misrepresentation." *Wilson*, 525 F.3d at 379. Other than the Relator, there is a not a single United employee identified anywhere in the Complaint. United has over 80,000 employees with countless employees on the Charleston Air Force Base. Without pleading specifics about who was involved in the alleged false claims, United lacks information essential to defend itself against these accusations of fraud.

Relator's failure to identify even a single employee is fatal to his complaint. *See, e.g.*, *United States ex rel. Detrick v. Daniel F. Young, Inc.*, 909 F. Supp. 1010, 1022 n.35 (E.D. Va. 1995) (citing *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742 (6th Cir. 1992) (finding pleading inadequate under Rule 9(b) because it failed to specify who made misrepresentations and when fraudulent conduct occurred)); *see also United States ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1109 (7th Cir. 2014) (affirming dismissal with prejudice where relator failed to identify participants in the alleged kickback scheme).

### C. Relator Fails to Identify *When* the Allegedly Fraudulent Conduct Occurred

Considering that Plaintiff has not identified any particular false claims or statements, it is no surprise that the Complaint also fails to specify *when* the alleged fraud occurred. The only dates included in the Complaint are in reference to Relator's employment. (Compl. ¶¶ 1, 23, 53-54). None of these dates refer to when the fraud allegedly occurred or when any actual false claims may have been submitted.

A complaint devoid of dates falls far short of the heightened pleading requirements of Rule 9(b). For Rule 9(b) purposes, "it is not enough to merely allege a period of months or years, or the duration of the activity" when alleging the time that fraudulent conduct occurred. *Clark v. Robert W. Baird Co.*, 142 F. Supp. 2d 1065, 1072 (N.D. Ill. 2001); *see also Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 598 (S.D. Ind. 2000) ("broad assertion that the fraud occurred over a period of six months" was insufficient). By merely offering conclusory statements, and failing to plead actual dates, Relator's complaint invites dismissal. *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1312 (11th Cir. 2002) (affirming dismissal of a complaint that failed to allege when fraudulent scheme occurred).

In sum, Rule 9(b) requires Relator to plead *all* of the who, what, when, where, and how of the alleged submission of false claims to the United States. Relator has provided *none* of this essential information, and the Court should therefore dismiss Counts I-III.

### IV. Count IV Should be Dismissed for Failure to Plead Plausible Facts that he Engaged in Protected Activity

In Count IV, Relator alleges a retaliatory discharge claim under 31 U.S.C. § 3730(h) of the FCA, which "prevents the harassment, retaliation, or threatening of employees who assist in

12

or bring *qui tam* actions." *Zahodnick v. IBM Corp.*, 135 F.3d 911, 914 (4th Cir. 1997).  Under § 3730(h), an employee may bring a retaliation claim against an employer who retaliates against the employee for the employee's "lawful acts ... in furtherance of [a qui tam] action under this section or other efforts to stop 1 or more violations of [the FCA]."  31 U.S.C. § 3730(h).  To state a *prima facie* case for retaliation under the FCA, a plaintiff must allege (1) that he engaged in protected activity; (2) that his employer knew of these acts; and (3) that his employer took adverse action against him as a result of these acts.  *Glynn v. EDO Corp.*, 710 F.3d 209, 214 (4th Cir. 2013).

The Fourth Circuit applies a "distinct possibility" standard to determine whether a plaintiff engaged in a protected activity.  *Mann v. Heckler & Koch Def., Inc.*, 630 F.3d 338, 344 (4th Cir. 2010).  Under this standard, protected activity occurs where the employee's conduct reasonably could lead to a viable FCA action.  *Id*.  The statute specifically protects "investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section." *Id.* at 343.  Actions in furtherance of a *qui tam* suit generally include "situations in which litigation could be filed legitimately and excludes those in which an employee . . . fabricates a tale of fraud to extract concessions from the employer, or . . . just imagines fraud but lacks proof."  *Id.* at 344.  However, it is well settled that "mere reporting of concerns to supervisors" does not amount to protected activity under the act.  *Glynn v. Impact Sci. & Tech., Inc.*, 807 F. Supp. 2d 391, 403, 407-08 (D. Md. 2011); *see also Zahodnick*, 135 F.3d at 914 ("Simply reporting his concern of a mischarging to the government to his supervisor does not suffice to establish that [Relator] was acting 'in furtherance of' a *qui tam* action.").

The second prong of the retaliation *prima facie* case of retaliation under the FCA is that the Relator must plead facts sufficient to show that the employer was aware of, and had notice of

13

his protected conduct. *Id.* The employer must have a sufficient amount of knowledge regarding the protected activity so as to be on notice of the possibility of future FCA *qui tam* litigation. Without that requisite knowledge, it would be impossible for the employer to retaliate against the employee. *See United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 744 (D.C. Cir. 1998) ("unless the employer is aware that the employee is investigating fraud, … the employer could not possess the retaliatory intent necessary to establish a violation of § 3730(h)").

Paragraph 55 of the Complaint contains the Relator's central allegation of retaliatory discharge:

> 55.    Upon information and belief, Defendant terminated Plaintiff-Relator's employment *because he expressed concerns about Defendant's practices*, which, as explained *supra*, violated the False Claims Act. (emphasis added)

Reduced to its essence, Relator's FCA retaliation claim merely alleges that he reported "concerns" to his supervisors about United's practices regarding the maintenance of the C-17 aircraft engines. However, every expression of concern by an employee working under a government contract does not constitute protected activity under the FCA. Rather, protected activity requires conduct that could reasonably lead to a FCA action. Relator fails to allege that he conducted any investigation, or took any other steps in furtherance of an FCA action prior to his discharge. To the contrary, it appears that Relator was merely "performing his job function as [an aviation mechanic] by reporting concerns and suggesting modifications to his supervisor[]", as opposed to engaging in protected activity under the FCA. *Glynn*, 807 F. Supp. 2d at 408. Even if we assume that the Relator expressed such concerns, these broad allegations do not rise to the level of protected activity. Informing one's supervisors of problems is not sufficient to establish that a relator is acting in furtherance of a *qui tam* action. *Lee v. Comput. Scis. Corp.*, No. 1:14CV581 (JCC/TCB), 2015 WL 778995, at *6 (E.D. Va. Feb. 24, 2015)

(granting Rule 12(b)(6) motion to dismiss FCA retaliation claim where employee merely reports problems to his supervisors).

Even if Relator had sufficiently alleged that he engaged in protected activity—which he has not—he would still have to plead facts sufficient to show that United was aware, and had notice of, his protected conduct. To meet the second prong of the test for whether a claim for retaliation has been sufficiently pled—the "notice" prong—Relator must plead that he put United "on notice that litigation [was] a reasonable possibility." *United States ex rel. Parks v. Alpharma, Inc*., 493 F. App'x 380, 388 (4th Cir. 2012). But when a complaint is couched in terms of "concerns and suggestions, not threats or warnings of FCA litigation" it is insufficient to constitute notice for purposes of a retaliation claim. *Id.* at 389. Accordingly, Relator has not sufficiently alleged that his expression of "concern" would raise the distinct possibility of a False Claims Act suit.

In sum, Relator has not pled plausible facts to suggest that he engaged in protected activity, and he has not pled facts to show that United was on notice of such activity. By failing to plead facts that meet the threshold for protected activity, or put the company on notice of the possibility of FCA litigation, Relator has failed to sufficiently plead a cause of action for retaliatory discharge under 31 U.S.C. § 3730(h). Accordingly, his retaliatory discharge count should be dismissed.

## CONCLUSION

For the foregoing reasons, United respectfully requests that Relator's Complaint be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

[signature page follows]

Dated: June 23, 2016					Respectfully submitted,

    /s/ Michael T. Cole
Michael T. Cole
Federal ID #: 206
Erika J. Karnaszewski Fedelini
Federal ID #: 12005
**Nelson Mullins Riley & Scarborough LLP**
151 Meeting Street
Liberty Center, Suite 600
Charleston, SC 29401
Telephone:  843-534-5200
Facsimile:  843-534-8700
Email: mike.cole@nelsonmullins.com
      erika.karnaszewski@nelsonmullins.com

Keith Harrison (*pro hac vice* pending)
Paul Alp (*pro hac vice* pending)
Jason M. Crawford (*pro hac vice* pending)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email: kharrison@crowell.com
      palp@crowell.com
      jcrawford@crowell.com

*Attorneys for Defendant United Airlines, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS RELATOR'S COMPLAINT AND SUPPORTING MEMORANDUM** was filed with the Court's CM/ECF System, which will send notice of the electronic filing to all counsel and parties of record.

/s/ Michael T. Cole
Michael T. Cole
Nelson Mullins Riley & Scarborough LLP
151 Meeting Street
Liberty Center, Suite 600
Charleston, SC 29401